UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSALIND BELLIN, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>     - against -<br><br>MARY T. BASSETT[1], MD, MPH, in her official capacity as Commissioner, New York State Department of Health, and ELDERSERVE HEALTH INC. d.b.a. RIVERSPRING AT HOME,<br><br>            Defendants. | No. 19-CV-05694<br><br>**STIPULATED**<br>**PROTECTIVE ORDER** |

ALVIN K. HELLERSTEIN, U.S.D.J.

    The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

    ORDERED that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

**I.  HIPAA Qualified Protective Order**

    1.  This Protective Order shall qualify as a Health Insurance and Portability Accountability Act ("HIPAA") Qualified Protective Order (as defined in 45 C.F.R. §

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Mary T. Bassett, in her official capacity as Commissioner of the New York State Department of Health, is automatically substituted for Howard Zucker following Dr. Zucker's resignation effective December 1, 2021.

164.512(e)(1)). Nothing in this Protective Order is intended to diminish the protections afforded by HIPAA.

**II.	Scope of Protective Order**

2.	Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

3.	The protections conferred by this Protective Order cover not only Confidential Discovery Material, but also: (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and (3) any testimony or presentations by the parties or their counsel that contain Confidential Discovery Material. Any use of Confidential Discovery Material at trial shall be governed by a separate agreement or order.

4.	All documents, testimony, and information produced or made available during discovery in this action, whether or not containing or constituting Confidential Discovery Material, shall be used or disclosed by the party receiving the Discovery Material (the "Receiving Party") solely for the prosecution or defense of the claims in this action or the prosecution or defense of any appeals in this action and shall not be used for any other purpose.

5.	The person producing any given Discovery Material ("Producing Person") may designate as Confidential only such portion of such material as consists of:

(a)	documents or materials that constitute trade secrets, are commercially sensitive, proprietary or covered by copyright protection, previously nondisclosed business plans, formulation or development of non-public policy discussions or programming, contract

negotiations, or marketing plans, including, but not limited to, any proprietary research or reports (whether prepared by the Producing Person or obtained from third-parties) or material which relates to the proprietary or sensitive information used or received by the Producing Party in, or pertaining to, their business or operations, or other information the disclosure of which would, in the good faith judgment of the Producing Party, be detrimental to the conduct of that Party's business or operations;

    (b) any information of a personal or intimate nature regarding any individual, including, without limitation, personal identifying information, home address, individual financial information, employment history, any medical information regarding any individual, including, but not limited to, medical history, medical diagnoses, surgical procedures, HIV status, or any drugs prescribed to any individual by a medical professional; and

    (c) any other category of information hereinafter given confidential status by the Court.

**III. Designation of Confidential Discovery Material**

  6. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

  7. With respect to deposition transcripts and exhibits, a Producing Person or that person's counsel may either: (a) indicate on the record that a question calls for Confidential Discovery Material; or (b) send written notice to the Receiving Party and the court reporter within fourteen (14) calendar days of service of the deposition or other transcript (or of notification by the court reporter that the transcript is available) designating those portions of the

transcript to be so designated. Upon such designation, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Deposition testimony shall be treated as Confidential during this 14-day period.

## IV. Inadvertent Failure to Designate

8. An inadvertent failure to designate qualified information or items as Confidential does not, standing alone, waive the producing person's right to secure protection under this Order for such material.

9. If at any time prior to the trial of this action, a Producing Person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. Upon receipt of such written notice, the Receiving Party shall take reasonable steps to destroy or return all unmarked or mismarked copies of such Discovery Materials and certify in writing to the Producing Person that it has done so. A Receiving Party's disclosure of Discovery Materials in a manner otherwise permitted under this Order prior to a Producing Person's designation of such Discovery Materials as Confidential shall not be deemed a violation of this Order, subject to the limitation in Paragraph 4 to this Order that Discovery Material disclosed in this litigation shall not be used or disclosed for any purpose other than the prosecution or defense of the claims in this action or the prosecution or defense of any appeals in this action.

## V. Access to and Use of Confidential Discovery Material

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that is reasonably calculated to ensure that access is limited to the persons authorized under this Order.

11. The terms of this Protective Order are applicable to information produced by a non-party in this Action and designated as Confidential. Such information produced by non-parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

12. No person subject to this Order other than the Producing Person shall make any Confidential Discovery Material public or disclose any of the Discovery Material designated by the Producing Person as Confidential to any other person whomsoever, except to:

    (a) the parties to this action and their officers and employees;

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) court reporters, stenographers, and videographers engaged to transcribe depositions conducted in this action and their staff;

(g) professional vendors, provided they have signed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) the custodian, author, or recipient of a document containing the information, or an individual who has been designated to testify about the document or information (including as a Fed. R. Civ. P. 30(b)(6) representative);

(i) Jurors;

(j) the Court and its support personnel, including Court staff, court reporters and videographers, and mediators; and

(k) Any other individuals included by order of the Court.

13. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 12(d), 12(e), or 12(g) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

14. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery

Material, shall be filed under seal upon motion and procedures compliant with Judge Hellerstein's Individual Rule 4. The parties will use their reasonable best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

### VI. Challenging Confidentiality Designations

15. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. Within fourteen (14) days of such a written challenge, the Producing Person shall substantiate the basis for such designation in writing to the Receiving Party. Within seven (7) days of that substantiation, the parties shall meet and confer. If agreement cannot be reached promptly following the meet and confer, the parties shall raise the dispute by letter to the Court pursuant to Judge Hellerstein's Individual Rule 2.E. In any dispute before the Court, the designating person shall have the burden of demonstrating that the designation of confidentiality and/or further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) is proper.

16. During the pendency of any challenge to any designation of confidentiality, all parties shall treat the challenged document or documents as Confidential.

## VII. Disclosure of Privileged or Otherwise Protected Discovery Material

17. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, deliberative-process privilege, executive privilege, or any other applicable privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. Inadvertently Disclosed Information includes information accidentally provided to the Receiving Party, as well as information intentionally produced that the producing party, upon review, reasonably determines is subject to a claim of attorney-client privilege, attorney work product protection, deliberative-process privilege, executive privilege, or any other applicable privilege.

18. Notwithstanding the provisions of this Order, the parties may agree upon the disclosure of information subjection to a claim of attorney-client privilege, attorney work product protection, deliberative-process privilege, executive privilege, or any other applicable privilege for a limited purpose without a complete waiver of privilege as to that information, provided that the parties enter, and this Court approves, a stipulation regarding the scope of waiver for such information prior to the disclosures.

19. If a disclosing party makes a claim of disclosure of inadvertent disclosure, the Receiving Party shall, within five (5) business days, return, delete, or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned, deleted, or destroyed, provided that any failure to return, delete, or destroy any Inadvertently Disclosed Information shall not be a violation of this Order if cured

within five (5) business days of the date the Receiving Party knew, or by reasonable diligence should have known, of the failure.

20. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

21. The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. Any movant may request to the Court that the motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of Inadvertently Disclosed Information.

22. Along with the Parties' forthcoming Rule 502(d) Order, this Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Any party's production of documents or information that reflect privileged attorney-client communications, constitute attorney work product, were prepared in anticipation of litigation, disclose the mental impressions, conclusions, opinions or legal theories of any attorney for the party, or are otherwise protected from disclosure, whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture—in this or any other federal or state action or proceeding—of any applicable privilege, immunity or other protection from disclosure, or of the producing party's right to assert such privilege, immunity or other protection form disclosure.

## VIII. Confidential Discovery Material Subpoenaed or Ordered Produced in Other Litigation, Investigation, or Proceeding

23. Nothing in this Protective Order shall prohibit any Party from using or disclosing Confidential Discovery Material in response to a subpoena, court order, or other compulsory process requiring production of Confidential Discovery Material or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case. Where Confidential Discovery Material is disclosed pursuant to a subpoena, court order, or other compulsory process, the Confidential Discovery Material shall be designated Confidential and the requesting party notified of this Protective Order. The recipient of the subpoena, court order, or other compulsory process shall provide notice to the Producing Party of the request for the Producing Party's Confidential Discovery Material, including a copy of the subpoena, court order, or other documentation of the compulsory process in sufficient time to allow the Producing Party an opportunity to oppose such subpoena, court order, or other compulsory process prior to the deadline for compliance with same. The recipient of the subpoena, court order or other compulsory process shall cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose protected material may be affected. The Producing Party shall bear the burden and expense of seeking protection in that court of its Confidential Discovery Material, and nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party in this action to disobey a lawful directive from another court. No compulsory disclosure to third parties of information or material exchanged under this Protective Order shall be deemed a waiver of any claim of

confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

## IX. Final Disposition

24. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the Producing Person, or, upon permission of the Producing Person, destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order and should not otherwise be made public to the extent that it would violate this Order. Neither the conclusion of this litigation nor the termination of employment of any person who had access to any Confidential Discovery Material exchanged shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of anything disclosed pursuant to this Protective Order.

## X. Violations and Modifications of the Protective Order

25. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

26. If a party has good cause to believe that a violation of this Protective Order has occurred or is about to occur, that party may petition this Court for appropriate relief. To the extent that any party feels the protections of this Protective Order are not adequate for particular

Confidential Discovery Material, that party may petition the Court for an appropriate amendment to this Order.

27. Nothing in this Order abridges the right of any party to seek its modification by the Court in the future. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### XI. Miscellaneous

28. The Court retains unfettered discretion whether or not to afford Confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

SO STIPULATED AND AGREED.

| | |
|---|---|
| Dated: March 24, 2022<br>White Plains, New York | Dated: March 24, 2022<br>New York, New York |
| BELLIN & ASSOCIATES LLC<br>*Attorney for Plaintiff*<br>By:<br><br>*/s/ Aytan Y. Bellin*<br>Aytan Y. Bellin, Esq.<br>50 Main Street<br>White Plains, New York 10606<br>tel. (914) 358-5345<br>fax. (212) 571-0284<br>e-mail: aytan.bellin@bellinlaw.com | LETITIA JAMES<br>Attorney General of the State of New York<br>*Attorney for State Defendant*<br>By:<br><br>*/s/ Rene F. Hertzog*<br>Rene F. Hertzog<br>Assistant Attorney General<br>28 Liberty Street, 17th Floor<br>New York, New York 10005<br>tel: (212) 416-8645<br>fax: (212) 416-6075<br>email: Rene.Hertzog@ag.ny.gov |

| | |
|---|---|
| Nina Keilin, Esq.<br>*Attorney for Plaintiff*<br>By:<br><br>_____<br>Nina Keilin<br>225 Broadway, Suite 2100<br>New York, New York 10007<br>tel. (212) 302-7760<br>e-mail: ninkeilin@aol.com | CROWELL & MORING LLP<br>*Attorneys for Defendant ElderServe Health,*<br>*Inc. d.b.a. RiverSpring at Home*<br>By: /s/ Rochelle-Leigh Rosenberg<br>_____<br>Sarah Gilbert<br>Brian T. McGovern<br>Michelle Chipetine<br>Rochelle-Leigh Rosenberg<br>590 Madison Avenue, 20th Floor<br>New York, New York 10022<br>tel: (212) 223-4000<br>fax: (212) 223-4134 |

SO ORDERED.

Dated:   New York, New York
         March  25 , 2022

                                    /s/ Alvin K. Hellerstein
                                    _____
                                    HON. ALVIN K. HELLERSTEIN, U.S.D.J.

13

| | |
|---|---|
| Nina Keilin, Esq.<br>*Attorney for Plaintiff*<br>By:<br><br>*/s/ Nina Keilin*[2]<br>_____<br>Nina Keilin<br>225 Broadway, Suite 2100<br>New York, New York 10007<br>tel. (212) 302-7760<br>e-mail: ninkeilin@aol.com | CROWELL & MORING LLP<br>*Attorneys for Defendant ElderServe Health,*<br>*Inc. d.b.a. RiverSpring at Home*<br>By:<br><br>_____<br>Sarah Gilbert<br>Brian T. McGovern<br>Michelle Chipetine<br>Rochelle-Leigh Rosenberg<br>590 Madison Avenue, 20th Floor<br>New York, New York 10022<br>tel: (212) 223-4000<br>fax: (212) 223-4134 |

SO ORDERED.

Dated:   New York, New York
         March _____, 2022

_____
HON. ALVIN K. HELLERSTEIN, U.S.D.J.

---

[2] Plaintiff's counsel has provided the State Defendant's counsel written authorization to electronically sign this proposed order.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROSALIND BELLIN, on behalf of herself and all others similarly situated,<br><br>         Plaintiffs,<br><br>    - against -<br><br>MARY T. BASSETT, MD, MPH, in her official capacity as Commissioner, New York State Department of Health, and ELDERSERVE HEALTH INC. d.b.a. RIVERSPRING AT HOME,<br><br>         Defendants. | No. 19-CV-05694<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____