UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

ROSALIND BELLIN, et al.,

Plaintiffs,

v.

HOWARD ZUCKER et al.,

Defendants.

----------------------------------------------------------------- x

**ORDER GRANTING
PLAINTIFF'S MOTION TO
COMPEL, DENYING NON-
PARTY OTDA'S MOTION TO
QUASH, AND GRANTING
NON-PARTY OTDA'S
MOTION TO SEAL**

19 Civ. 5694 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiff moves to compel non-party New York State Office of Temporary and

Disability Assistance ("OTDA") to produce documents pursuant to a document subpoena, and

OTDA moves to quash the document subpoena.  (ECF Nos. 106, 109.)  OTDA also moves to

seal portions of its memoranda describing the documents at issue.  (ECF No. 113.)

Plaintiff requests three categories of documents.

1. Documents sufficient to describe and explain the function of the fair hearing
   decision system and/or software used by Administrative Law Judges who
   render fair hearing decisions concerning Medicaid home care and/or personal
   care services.
2. Training materials provided to Administrative Law Judges, who render fair
   hearing decisions about Medicaid home care and/or personal care services,
   concerning the fair hearing drafting system and/or software used by
   Administrative Law Judges to draft fair hearing decisions.
3. All pre-written paragraphs and/or pages a [sic] that contain the applicable law,
   policies and/or standards concerning personal care services and/or home care
   services that are available through the fair hearing drafting system and/or
   software, for utilization by ALJs drafting fair hearing decisions.

1

Plaintiff claims that the requested documentation is relevant to establishing whether the policies and practices of State Defendant meaningfully channel discretion so as to create a property interest in the number of personal care services hours awarded to applicants. OTDA opposes and moves to quash. It argues that (1) the documents are not relevant to Plaintiff's claim; (2) it has already produced responsive documents and that the further deposition of a relevant witness would be cumulative and duplicative as to Requests 1 and 2; (3) the requests are unduly burdensome and Plaintiff can obtain the information by searching an online public database; and (4) the subpoena does not allow reasonable time for compliance.

The motion to compel is granted and the motion to quash denied. OTDA's objections all lack merit. The requested information plainly is relevant to Plaintiff's claim. Although OTDA claims testimony and documents have been provided as to Requests 1 and 2, and seeks to quash on that basis, it does not provide specificity regarding the documentation produced, and without specificity, the response is vague and meaningless. Plaintiff's requests are relevant to its claim that it has a property interest. As to the claims that the requests are unduly burdensome, OTDA estimates that it would take 12 hours for it to provide the requested templates. It offers no basis for this estimate and therefore has not shown that the request would be unduly burdensome. Furthermore, OTDA's suggestion that Plaintiff can find the information by searching a public website and database is unreasonable. If OTDA has the requested templates in its possession, there is no reason Plaintiff should have to sift through thousands of publicly-available fairness hearing decisions to identify the templates used by administrative law judges.

The motion to compel is granted, and the motion to quash is denied. OTDA must produce the requested documents by October 19, 2022, and the deposition shall proceed within

2

the three weeks following that date.  OTDA's motion to seal is granted. The information

requested to be filed under seal is subject to the protective order (ECF No. 86) already entered in

this case.

        The Clerk of Court shall terminate ECF Nos. 106, 109, 113.

        SO ORDERED.

Dated:      October 4, 2022
              New York, New York

                            ALVIN K. HELLERSTEIN
                            United States District Judge